# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
### SOUTHERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>    Interpleader Plaintiff,<br><br>v.<br><br>ANTONIO CABALLERO and KEITH STANSELL, MARC GONSALVES, THOMAS HOWES, JUDITH JANIS individually and as personal representative and sole heir of the estate of GREER JANIS, MICHAEL I. JANIS, JONATHAN N. JANIS and OLIVIA PESCATORE, JOSH PESCATORE, JADA PESCATORE, JARROD PESCATORE, JORDAN PESCATORE, CAROL PESCATORE HARPSTER individually and as the representative of the estate of FRANK PESCATORE SR., RICHARD PESCATORE, JOHN PESCATORE, AND CAROLYN PESCATORE and BANCO CONTINENTAL S.A. a/k/a BANCO CONTINENTAL S.A., HONDURUS a/k/a BANCO HONDURUS, S.A. and GOVERNMENT OF HONDURAS and INVERSIONES CONTINENTAL (PANAMA), S.A. DE C.V. a/k/a GRUPO CONTINENTAL<br><br>    Interpleader Defendants. | Case No.: 19-4141<br><br>**COMPLAINT IN INTERPLEADER OF GARNISHEE WELLS FARGO BANK, N.A.** |

Interpleader Plaintiff Wells Fargo, N.A. (hereinafter "Wells Fargo"), by its undersigned counsel, as its complaint, states as follows:

1. This action is brought by Wells Fargo pursuant to We to obtain a determination of the rights of the Interpleader Defendants to certain blocked funds that are being held by Wells

Fargo. This action is related to Case No. 4:19-cv-04011-KES (*Caballero vs. Revolutionary Armed Forces of Colombia ("FARC") et al. vs. Wells Fargo Bank, N.A.*). Three groups of Interpleader Defendants obtained judgments against the Revolutionary Armed Forces of Colombia ("FARC"), Norte De Valle Cartel ("NDVC"), and related parties under the Alien Tort Statute ("ATS") and Anti-Terrorism Act ("ATA")—two statutes that in appropriate cases may be used to recover damages for injuries suffered as a result of international terrorism.

2. The State Department designated the FARC and NDVC as Foreign Terrorist Organizations ("FTO") pursuant to Section 302 of the Antiterrorism and Effective Death Penalty Act of 1996. Additionally, the Office of Foreign Assets Control ("OFAC") designated FARC and NDVC as Specially Designated Global Terrorists ("SGDT") pursuant to the International Emergency Economic Powers Act. FARC has likewise been designated as significant foreign narcotics trafficker, or drug kingpin, under the Foreign Narcotics Kingpin Designation Act ("Kingpin Act").

3. In October 2015, the account holder of the blocked funds, Banco Continental, S.A. a/k/a Banco Continental S.A., Honduras a/k/a Banco Honduras, S.A. ("Banco Continental") was designated as an SDNT under the Kingpin Act.

4. As a result of the foregoing designations, the assets of Banco Continental are blocked. A bank—such as Interpleader Plaintiff Wells Fargo—that holds or received assets of an OFAC designated entity must freeze those assets in a special, separate bank account. *See* 31 C.F.R. § 597.201 (Foreign Terrorist Organizations Sanctions Regulations); 31 C.F.R. § 594.201 (Global Terrorism Sanctions Regulations); 21 U.S.C. §§ 1901 – 1908 (Kingpin Act).

5. The Terrorism Risk Insurance Act of 2002 ("TRIA") (28 U.S.C. §1610) permits recovery against blocked assets of "agents and instrumentalities" of judgment debtors—here the

2

FARC and NDVC—who are terrorists. The extent to which TRIA applies for the benefit of judgment creditors who hold judgments under the ATS (and not the ATA), as applied against agencies and instrumentalities of judgment debtors that are themselves designed under the Kingpin Act, has been contested by certain of the Interpleader Defendants and is the subject of an opinion by the United States District Court for the District of South Dakota, Order Denying Motion to Intervene (Case No. 4:19-cv-04011-KE, Dkt. No. 23)

6. In this case, three groups of judgment creditors seek to recover the same blocked assets—in the principal amount of $13,117,136.00—blocked by Wells Fargo due to Banco Continental's ownership interest in those assets (the "Contested Assets"), on the grounds that Banco Continental is an agency or instrumentality of the FARC pursuant to TRIA.

7. The Interpleader Defendants include three groups of purported judgment creditors of the FARC, NDVC, and related entities, each of whom have served Wells Fargo with a: Writ of Attachment (served by the Pescatore Judgment Creditors on March 25, 2019), Garnishment Summons (served by the Caballero Judgment Creditor on December 21, 2018), and Writ of Execution (served by the Stansell Judgment Creditors on January 7, 2019) with respect to the Contested Assets. These Interpleader Defendants have claimed that the Contested Assets should be turned over to them to satisfy their judgments against the FARC, NDVC, and related parties. The Stansell Judgment Creditors recently filed a Motion for Reconsideration and/or to Amend July 11, 2019 Order [DE 23] (*see* Case No. 4:19-cv-04011-KE, Dkt. Nos. 28 and 29), which denied the Motion to Intervene (Case No. 4:19-cv-04011-KE, Dkt. Nos. 4 and 5). This Motion sets forth, among other arguments, a purported lack of subject matter jurisdiction, which—if accepted by a court in another court adjudicating a collateral attack on this Court's opinion—could expose Wells Fargo to double liability.

8. Additionally, the Interpleader Defendant account holder, Banco Continental, may also have grounds to assert a superior interest that the Contested Assets and/or to argue that the Contested Assets should not be turned over to satisfy any judgment against the FARC and NDVC.

9. Accordingly, Wells Fargo is confronted with the imminent prospect of competing claims to the Contested Assets by the defendants, and it needs relief in the nature of interpleader to protect it from the risk of double or multiple liability and inconsistent judicial determinations.

### The Parties

10. Interpleader Plaintiff is a financial services company charted by the Office of the Comptroller of the Currency, with its headquarters in San Francisco, California.

11. Upon information and belief, Interpleader Defendant Antonio Caballero (the "Caballero Judgment Creditor") was a plaintiff in an action the 11th Judicial District Court in and for Miami-Dade County, Florida captioned *Antonio Caballero v. Revolutionary Armed Forces of Colom.*, Case No. 12-48803-CA-02 (the "Florida Action"). On November 18, 2014, the Caballero Judgment Creditor recovered a judgment against the FARC, NDVC, and related entities in that action in the amount of $191,433,485.56 (with post-judgment interest at 4.75% per year from November 18, 2014) pursuant to the ATS, RICO, and foreign law. On October 30, 2018, Plaintiff domesticated the Final Judgment of the Florida Action in South Dakota and initiated an action in the Second Judicial Circuit, Minnehaha County Circuit Court, to enforce this judgment (the "Minnehaha Action"). Upon information and belief, Caballero Judgment Creditor is citizen of Colombia and a resident alien of the United States residing in the State of Florida and seeking United States citizenship.

12. Upon information and belief, Interpleader Defendants Keith Stansell, Marc Gonsalves, Thomas Howes, Judith Janis individually and as personal representative and sole heir of the estate of Greer Janis, Michael I. Janis, and Jonathan N. Janis (collectively, the "Stansell

Judgment Creditors") were plaintiffs in an action in the United States District Court for the Middle District of Florida Tampa Division captioned *Stansell v. Revolutionary Armed Forces of Colombia (FARC)*, No. 8:09-cv-2308-T-26MAP (M.D. Fla.). In 2010, the Stansell Judgment Creditors recovered a judgment against the FARC, NDVC, and related parties in that action in the amount of $125,010,000 pursuant to the ATA. Upon information and belief, the Stansell Judgment Creditors are citizens of the states of Florida, Connecticut, Alabama, New York, and Virginia.

13.     Upon information and belief, Interpleader Defendants Olivia Pescatore, Josh Pescatore, Jada Pescatore, Jarrod Pescatore, Jordan Pescatore, Carol Pescatore Harpster individually and as the representative of the estate of Frank Pescatore Sr., Richard Pescatore, John Pescatore, and Carolyn Pescatore (collectively, the "Pescatore Judgment Creditors") were plaintiffs in an action in the United States District Court for the District of Colombia captioned *Pescatore et al. v. Pineda*, No. 1:08-cv-02245-RMC (D.D.C. 2010). In 2010, the Pescatore Judgment Creditors recovered a judgment against the FARC, NDVC, and related parties in that action in the amount of $23,000,000 pursuant to the ATA. Upon information and belief, the Pescatore Judgment Creditors are citizens of the states of Alabama and New Jersey.

14.     Upon information and belief, Interpleader Defendant Banco Continental was a bank headquartered in San Pedro Sula, Honduras. As of October 2015, the Government of Honduras initiated proceedings to liquidate Banco Continental and it is now under the control of the Government of Honduras.

15.     Upon information and belief, Interpleader Defendant Government of Honduras informed OFAC that it had initiated proceedings to liquidate Banco Continental and that Banco Continental is under the control of Government of Honduras, including through management of a government-appointed liquidator.

16. Upon information and belief, Inversiones Continental (Panama), S.A. de C.V. a/k/a Group Continental ("Grupo Continental") is a Panamanian holding company and the parent of Banco Continental.

### Jurisdiction and Venue

17. Upon information and belief, jurisdiction is appropriate in this Court pursuant to: (a) 28 U.S.C. § 1331, because this proceeding arises under the laws and treaties of the United States, and in particular, TRIA; (b) 28 U.S.C. § 1332, because the matter in controversy exceeds $75,000 and is between citizens of different states; (c) 28 U.S.C. 1335, because Wells Fargo is holding money of the value of $500 or more and two or more adverse claimants of diverse citizenship are claiming or may claim to be entitled to such money; (d) 12 U.S.C. § 632, because Wells Fargo is organized under the laws of the United States and this proceeding arises out of transactions involving international or foreign banking or other international or foreign financial operations; and (e) 28 U.S.C. § 1130, with respect to defendants that are a foreign state or a subdivision or agency or instrumentality of a foreign state, based on service upon such defendants under Foreign Sovereign Immunities Act ("FSIA") § 1608.

18. Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims—including the filing of the Motion by the Stansell Judgment Creditors and the Pescatore Judgment Creditors (Dkt. Nos. 4-5) and Caballero Judgment Creditor's Motion for Entry of Turnover Judgment (Dkt. Nos. 25 and 27), in this Court (No. 4:19-CV-04011-KES)—took place here.

### The Underlying Facts

19. Consistent with the designations referenced above in paragraphs 1 to 4, Wells Fargo is holding the Contested Assets in which Banco Continental has an ownership interest in a separate blocked account.

20.     On December 20, 2018, the Court in the Minnehaha Action held that Banco Continental S.A. was an agency or instrumentality of the FARC and that the Contested Assets are blocked under TRIA subject to attachment by the Caballero Judgment Creditor. After obtaining the foregoing, on December 21, 2018, Interpleader Defendant Caballero Judgment Creditor served a Garnishment Summons in the Minnehaha Action on Wells Fargo directed at the Contested Assets.

21.     On January 18, 2019, Wells Fargo removed the case to the United States District Court for the District of South Dakota, Southern Division (Case No. 4:19-cv-04011-KES).

22.     On January 25, 2019, Wells Fargo submitted its Response to Caballero Judgment Creditor's Summons for Garnishment, which identified $13,117,136.00 in blocked funds. Additionally, Wells Fargo identified the Stansell Judgment Creditors and the Pescatore Judgment Creditors as other claimants that seek the Contested Assets pursuant to TRIA, noting that both groups had served Wells Fargo with Writs for Garnishment for the same assets to satisfy ATA judgments against the FARC, NDVC, and related parties.

23.     On February 13, 2019, the Stansell Judgment Creditors and Pescatore Judgment Creditors filed a Motion to Intervene. On March 6, 2019, the Caballero Judgment Creditor filed an opposition to this motion. On July 11, 2019, the Court denied the Stansell Judgment Creditors/the Pescatore Judgment Creditors' Motion to Intervene. The Stansell Judgment Creditors and Pescatore Judgment creditors filed a Motion for Reconsideration regarding the Court's denial of the Motion to Intervene on July 29, 2019

24.     On July 12, 2019, the Caballero Judgment Creditor issued a Motion for Entry of Turnover Judgment on Summons of Garnishment Served Upon Wells Fargo Bank, N.A. Regarding

Accounts in the Name of Banco Continental, N.A. (with a Memorandum in Support filed on July 23, 2019).

25. Upon information and belief, Banco Continental has an interest in, and rights or claims to, the balance in the account, and its interest in, and rights or claims to, those funds may take priority, under FSIA § 1611(b)(1) or otherwise, over the rights of the Caballero Judgment Creditor, the Stansell Judgment Creditors, and/or the Pescatore Judgment Creditors to execute on those funds.

26. Upon information and belief, Interpleader Defendant Government of Honduras informed OFAC that it had initiated proceedings to liquidate Banco Continental and that Banco Continental is under the control of Government of Honduras, including through management of a government-appointed liquidator. Accordingly, as the liquidator, the Government of Honduras has an interest in, and rights or claims to, the balance in the account, and its interest in, and rights or claims to, those funds may take priority, under FSIA § 1661(b)(1) or otherwise, over the rights of the Caballero Judgment Creditor, the Stansell Judgment Creditors, and/or the Pescatore Judgment Creditors to execute on those funds.

27. Upon information and belief, Grupo Continental, as the parent company to Banco Continental, has an interest in, and rights or claims to, the balance in the account, and its interest in, and rights or claims to, those funds may take priority over the rights of the Caballero Judgment Creditor, the Stansell Judgment Creditors, and/or the Pescatore Judgment Creditors to execute on those funds.

28. By reason of the foregoing, Wells Fargo is subject to competing claims to the Contested Assets and is faced with a substantial risk of double or multiple liability and of vexatious

litigation in different courts, including South Dakota, Florida, and the District of Columbia, with the attendant risk of inconsistent rulings, with respect to those proceeds and funds.

**First Claim for Relief**

29. Repeats and realleges each and every allegation set forth in paragraphs 1 to 28 of this complaint to the same extent as if those allegations were set forth here in full.

30. As set forth above, Caballero, the Stansell Judgment Creditors, and the Pescatore Judgment Creditors are all attempting to execute upon the Contested Assets to satisfy their judgments against the FARC, NDVC, and related parties. Additionally, Banco Continental, Grupo Continental and the Government of Honduras also have rights to the Contested Assets that may take priority over the claims of the Cabarello Judgment Creditor, the Stansell Judgment Creditors, and/or the Pescatore Judgment Creditors. Banco Continental, Grupo Continental and/or the Government of Honduras may also be able to establish that these parties are not entitled to execute on some or all of the Contested Assets.

31. By reason of the foregoing, Wells Fargo is exposed to a real and reasonable risk of double or multiple liability, vexatious litigation, and inconsistent rulings with respect to the Contested Assets.

32. As described above, the Contested Assets are being held by Wells Fargo in a blocked account, such that Wells Fargo is not able to pay the Contested Assets into the Registry of the Court because, under OFAC regulations, no transactions in blocked property are permitted without a license from OFAC. *See* 31 C.F.R. § 597.202; 31 C.F.R. §592.202.

33. Under 28 U.S.C. § 1335(a)(1), payment of the Contested Assets into the Registry is not required. Rather, Wells Fargo may instead "give[n] [a] bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject

matter of the controversy." In this case, Wells Fargo respectfully submits that amount for such a surety that should be deemed proper is $1,000, as this Court and the parties enjoy certainty, due to the OFAC blocked regulations now applicable, that the Contested Assets cannot and will not be moved absent an order of this Court. *See Doe v. Ejercito de Liberacion Nacional, et al*, 2016 WL 1073100, at *1 (S.D.N.Y March 10, 2016) (imposing unsecured bond requirement in the amount of $1,000 on JP Morgan in context of interpleader filed as to OFAC blocked assets sought by judgment creditors under TRIA).

34. In these circumstances, Wells Fargo is entitled to interplead all parties who may have claims to or rights in the Contested Assets and obtain a determination by the Court, pursuant to 28 U.S.C. §§1335 and 2361 and SD Codified L. § 15-6-22, of the rights of the Interpleader Defendants and all interested parties and an order discharging Wells Fargo from liability to all such persons in the event that it is ordered to turn over any of the Contested Assets to a judgment creditor of FARC, NDVC, and related parties.

### Second Claim for Relief

35. Repeats and realleges each and every allegation set forth in paragraphs 1 to 34 of this complaint to the same extent as if those allegations were set forth here in full.

36. By reason of the foregoing, Wells Fargo is entitled to injunctive relief, pursuant to 28 U.S.C. § 2361 and this Court's inherent powers, enjoining the Interpleader Defendants from instituting or prosecuting any proceeding in any court of any state or the United States other than this Court affecting the Contested Assets until further order of the Court.

### Third Claim for Relief

37.     Repeats and realleges each and every allegation set forth in paragraphs 1 to 36 of this complaint to the same extent as if those allegations were set forth here in full.

38.     By reason of the foregoing, Wells Fargo is entitled to a declaratory judgment determining its rights and the rights of the Interpleader Defendants and all interested parties with respect to the Contested Assets.

WHEREFORE, Plaintiff Wells Fargo, N.A. respectfully requests the entry of a judgment:

(1)     Determining its rights and the rights of the Interpleaded Defendants and all interested parties;

(2)     Determining whether any of the Interpleader Defendants is an agency or instrumentality of FARC, NDVC, and related parties;

(3)     Determining whether or not the Contested Assets are "blocked assets" within the meaning of TRIA;

(4)     Determining with respect to the Contested Assets whether the Caballero Judgment Creditor, the Stansell Judgment Creditors, and the Pescatore Judgment Creditors have met their burden of proof with respect to all requirements and conditions for obtaining relief under Section 201 of TRIA, Foreign Narcotics Kingpin Designation Act, FSIA, the Vienna Convention on Diplomatic Relations or the Vienna Convention on Consular Relations, or any other applicable law, for execution against the Contested Assets;

(5)     Determining this Court's subject matter jurisdiction and its in personam and in rem jurisdiction over the Interpleader Defendants and the Contested Assets to the extent necessary to determine the parties' rights with respect to the Contested Assets;

(6)     Determining whether Wells Fargo, N.A. is a proper garnishee and has properly been subjected to execution of any judgment against the FARC, NDVC, and related

parties in favor of the Caballero Judgment Creditor, the Stansell Judgment Creditors, and the Pescatore Judgment Creditors with respect to the Contested Assets;

(7) Determining whether and to what extent, if any, the Contested Assets are subject to execution to satisfy any judgment entered heretofore or hereafter in favor of the Caballero Judgment Creditor, the Stansell Judgment Creditors, and the Pescatore Judgment Creditors against the FARC, NDVC, and related parties and the extent to which any person is entitled to turnover of such assets;

(8) Determining the amount of each judgment as to which garnishment or execution is ordered, including interest, as TRIA § 201(a) only permits execution upon blocked assets in aid of execution in order to satisfy judgments "to the extent of any compensatory damage for which [a] terrorist party has been adjudged liable";

(9) Discharging Wells Fargo, N.A. from any and all liability to the Caballero Judgment Creditor, the Stansell Judgment Creditors, the Pescatore Judgment Creditors, Banco Continental, S.A., Government of Honduras, Grupo Continental, and to any and all other claimants and interested persons with respect to any of the Contested Assets that may be ordered to turn over to any person in order to satisfy any judgment against the FARC, NDVC, and related parties;

(10) Granting injunctive relief to Wells Fargo, N.A. against the Interpleader Defendants and any other persons to the extent necessary to protect Wells Fargo, N.A. from the risk of double or multiple liability, inconsistent rulings of different courts, and the burden of having to litigate competing claims to the Contested Assets in different courts;

(11) Awarding to Wells Fargo, N.A. its costs and expenses in this proceeding, including reasonable attorneys' fees; and

(12)    Awarding to Wells Fargo, N.A. such other and further relief as may be well and proper.

Dated: August 14, 2019

                                      BALLARD SPAHR LLP

                                      By: _____
                                      Daniel R. Fritz,
                                      Timothy R. Rahn
                                      101 South Reid Street, Suite 302
                                      Sioux Falls, SD 57103
                                      Telephone: (605) 978-5200
                                      fritzd@ballardspahr.com
                                      rahnt@ballardspahr.com

                                      *Attorneys for Wells Fargo N.A.,*
                                      *Interpleader Plaintiff*

JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Wells Fargo Bank, N.A.

**(b)** County of Residence of First Listed Plaintiff: San Francisco County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel R. Fritz and Timothy R. Rahn
Phone: 605-978-5252
101 S. Reid St., Suite 302, Sioux Falls, SD 57103

## DEFENDANTS
Antonio Callabero, et al.

County of Residence of First Listed Defendant: Miami-Dade County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Joshua D. Zellmer and James R. Myers
Phone: 605-336-3700
230 S. Phillips Ave., Suite 300, PO Box 1085, Sioux Falls, SD 57101

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☒ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Terrorism Risk Insurance Act, 28 U.S.C. § 1610
Brief description of cause:
Enforcement of federal court judgment that require resolution of numerous TRIA issues and adverse claims.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: Karen Schreier
DOCKET NUMBER: 4:19-cv-04011

DATE: 8-14-19
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev 02/19)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.