UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>Plaintiff,<br><br>vs.<br><br>ANTONIO CABALLERO, KEITH STANSELL, MARC GONSALVES, THOMAS HOWES, JUDITH G. JANIS, GREER C. JANIS, MICHAEL I. JANIS, JONATHAN N. JANIS, OLIVIA PESCATORE, JOSH PESCATORE, JADA PESCATORE, JARROD PESCATORE, JORDAN PESCATORE, CAROL PESCATORE HARPSTER, individually and as the representative of the Estate of Frank Pescatore Sr., RICHARD PESCATORE, JOHN PESCATORE, and CAROLYN PESCATORE, BANCO CONTINENTAL S.A., GOVERNMENT OF HONDURAS, INVERSIONES CONTINENTAL (PANAMA), S.A. DE C.V., FRANK PESCATORE SR., RICHARD PESCATORE, CAROLYN PESCATORE, JOHN PESCATORE, CHRISTOPHER T. JANIS, individually and as personal representative and sole heir of the Estate of Greer C. Janis, MICHAEL I. JANIS, JONATHAN N. JANIS,<br><br>Defendants. | 4:19-CV-04141-KES<br><br>ORDER DENYING MOTION TO TRANSFER AND DISMISSING THE CASE |

Keith Stansell, Marc Gonsalves, Thomas Howes, Judith Janis,

Christopher Janis, Michael Janis, Jonathan Janis (the Stansell ATA Judgment

Creditors), and Olivia Pescatore, Josh Pescatore, Jada Pescatore, Jarrod Pescatore, Jordan Pescatore, Carol Pescatore Harpster, individually and as representative of the Estate of Frank Pescatore Sr., Richard Pescatore, John Pescatore, and Carolyn Pescatore (the Pescatore ATA Judgment Creditors) (collectively, the ATA Judgment Creditors) move to transfer the interpleader action under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. §§ 1404(a)and 1406(a) to the United States District Court for the District of Colombia because venue is improper in the District of South Dakota. Docket 23. Antonio Caballero and Wells Fargo Bank oppose the motion and argue that venue is proper in the District of South Dakota. Dockets 27, 52. For the following reasons, the court denies the motion to transfer and dismisses the case.

## BACKGROUND

Wells Fargo filed this interpleader action on August 14, 2019, in the District of South Dakota. Docket 1. Wells Fargo is a financial service company with its headquarters in San Francisco, California. Docket 6 ¶ 12. In its first amended complaint, Wells Fargo alleges that it is "confronted with the imminent prospect of competing claims" by the interpleader defendants to certain blocked assets held by Wells Fargo. *Id.* ¶ 11; *see also id.* ¶ 1.

Three groups of judgment creditors obtained judgments against Fuerzas Armadas Revolucionarias de Columbia (FARC), a/k/a Revolutionary Armed Forces of Colombia, and related/additional parties under the Alien Tort Statute (ATS) and the Anti-Terrorism Act (ATA): Caballero, the Stansell ATA Judgment

Creditors, and the Pescatore ATA Judgment Creditors. *Id.* ¶¶ 1, 13-15. FARC was designated as a Foreign Terrorist Organization, as Specially Designated Global Terrorists, and as a significant foreign narcotics trafficker under various federal statutes and by federal agencies. *Id.* ¶ 2.[1] In October of 2015, Banco Continental, the account holder of FARC's assets, was designated as a Specially Designated Narcotics Trafficker. *Id.* ¶ 3. Because of these designations, the assets of Banco Continental were blocked. *Id.* ¶ 4. Wells Fargo, as a bank that holds or received assets of an Office of Foreign Assets Control (OFAC) designated entity, was required to freeze the assets in a special, separate bank account. *Id.*

Caballero is a resident of Florida. *Id.* ¶ 13. Caballero was a plaintiff in an action in the 11th Judicial District Court in Miami-Dade County, Florida. *Id.* On November 18, 2014, Caballero received a judgment against FARC in the amount of approximately $191 million under the ATA, the Racketeer Influenced and Corrupt Organizations Act, and foreign law. *Id.* On October 30, 2018, Caballero domesticated the final judgment from the Florida action in South Dakota and initiated a garnishment action in the Second Judicial Circuit, Minnehaha County Circuit Court. *Id.* ¶¶ 13, 22. On January 18, 2019, Wells Fargo removed the garnishment action to federal court; the garnishment action is currently pending before this court. *Id.* ¶ 23; *see* Notice of Removal,

---

[1] A more detailed overview of the parties, their judgments, and the recovery statutes is contained in this court's Order Denying Motion to Intervene in the pending garnishment action, *Caballero v. Fuerzas Armada Revolucionarias de Colum. et al.*, No. 4:19-CV-04011-KES, Docket 23.

3

*Caballero v. Fuerzas Armada Revolucionarias de Colum. et al.*, No. 4:19-CV-04011-KES, Docket 1 (D.S.D.) (hereinafter "garnishment action"). In the garnishment action, the ATA Judgment Creditors filed a motion to intervene. *See* Motion to Intervene, *Caballero v. FARC et al.*, 4:19-CV-04011-KES, Docket 4. The court denied the motion on July 11, 2019. *See* Order Denying Motion to Intervene, *Caballero v. FARC et al.*, No. 4:19-CV-04011-KES, Docket 23. On July 12, 2019, Caballero filed a motion for entry of turnover judgment, which is still pending. *See* Motion for Entry of Turnover Judgment, *Caballero v. FARC et al.*, No. 4:19-CV-04011-KES, Docket 40.

The Stansell ATA Judgment Creditors are residents of Florida, Connecticut, Alabama, New York, and Virginia. Docket 6 ¶ 14. The Stansell ATA Judgment Creditors were plaintiffs in an action in the United States District Court for the Middle District of Florida (*Stansell v. Revolutionary Armed Forces of Colom., et al.*, No. 8:09-CV-2308-T-26MAP (M.D. Fla.)). *Id.* In 2010, the Stansell ATA Judgment Creditors received a judgment against FARC in the amount of approximately $318 million under the ATA. *Id.*

The Pescatore ATA Judgment Creditors are residents of Alabama and New Jersey. *Id.* ¶ 15. The Pescatore ATA Judgment Creditors were plaintiffs in an action in the United States District Court for the District of Columbia (*Pescatore et al. v. Pineda et al.*, No. 1:08-CV-02245-RMC (D.D.C.)). *Id.* In 2010, the Pescatore ATA Judgment Creditors received a judgment against FARC in the amount of approximately $69 million under the ATA. *Id.*

The three groups of judgment creditors seek to recover the same blocked assets, approximately $13,117,136, held by Wells Fargo. *Id.* ¶ 6. Each of the judgment creditors have served Wells Fargo as to the blocked assets and claim that the blocked assets should be turned over to them in satisfaction of their judgments. *Id.* ¶ 7. The Pescatore ATA Judgment Creditors have a writ of attachment issued on November 18, 2018, and served the writ on Wells Fargo on December 4, 2018. *Id.* ¶ 7(a). Caballero has a summons of garnishment issued on December 21, 2018, and served the summons on Wells Fargo on December 21, 2018. *Id.* ¶ 7(b). The Stansell ATA Judgment Creditors have a writ of attachment issued on August 27, 2019, and served the writ on Wells Fargo on September 6, 2019. *Id.* ¶ 7(c). Wells Fargo alleges that the competing writs and summons "create a legitimate fear of multiple liability, inconsistent obligations, and vexatious litigation for Wells Fargo." *Id.* ¶ 8.

In addition to the judgment creditors, Wells Fargo alleges that Banco Continental, the Government of Honduras, and Inversiones Continental (Panama), S.A. de C.V., a/k/a Grupo Continental, all have interests in the blocked assets. *Id.* ¶¶ 16-18, 27-29. Banco Continental was a bank headquartered in San Pedro Sula, Honduras. *Id.* ¶ 16. Banco Continental is the account holder of the blocked assets. *Id.* ¶ 3. In October of 2015, the Government of Honduras initiated liquidation proceedings of Banco Continental. *Id.* ¶ 16. Banco Continental is currently under the control of the Honduran government and is managed by a governmental-appointed

liquidator. *Id.* ¶¶ 16-17. Grupo Continental is a holding company and parent company of Banco Continental in Panama. *Id.* ¶ 18.

There are an additional eight pending motions before this court: motion to dismiss complaint in interpleader (Docket 4); motion to dismiss first amended complaint (Docket 7); motion for leave to amend first amended interpleader complaint (Docket 28); motion to intervene (Docket 32); motion to stay (Docket 37); motion requesting an order restraining prosecution (Docket 41); motion for status conference (Docket 61); and motion to strike (Docket 66).

## DISCUSSION

### I. Venue

The ATA Judgment Creditors move to transfer venue to the United States District Court for the District of Columbia under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. §§ 1404(a) and 1406(a). Docket 23. Wells Fargo's complaint relies upon 28 U.S.C. § 1391(b)(2) to establish that venue is proper in this district. Docket 6 ¶ 19. Section 1391(b)(2) authorizes the bringing of a civil action in "a judicial district in which a substantial part of the events . . . giving rise to the claim occurred[.]"

The ATA Judgment Creditors contend that Wells Fargo's reliance on this section is incorrect because 28 U.S.C. § 1397 controls and the District of South Dakota is not the proper venue. Docket 23 at 1; Docket 24 at 3. Caballero opposes the motion, arguing that venue is proper in the District of South Dakota because the interpleader action was filed after the garnishment action and pertains to the blocked assets located in South Dakota. Docket 27 at 3-4.

6

Wells Fargo joins in Caballero's arguments as they pertain to proper venue. Docket 52.

A party may request for a court to transfer a case from its current judicial district to a different judicial district under either 28 U.S.C. §§ 1404(a) or 1406(a). When deciding which of the two venue statutes to invoke, however, a party must first determine whether venue was laid in a proper district when the suit was filed. *See Van Dusen v. Barrack*, 376 U.S. 612, 633-34 (1964). "Although both sections were broadly designed to allow transfer instead of dismissal, § 1406(a) provides for transfer from forums in which venue is wrongly or improperly laid, whereas, in contrast, § 1404(a) operates on the premises that the plaintiff has properly exercised his venue privilege." *Id.* at 634.

To determine whether venue is proper in a civil action, courts generally look to 28 U.S.C. § 1391. The general venue provisions of § 1391 apply to Rule 22 interpleader actions. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 529 n.3 (1967); *see also* 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure Civil* § 1712 (3d ed. 2019). Venue in a statutory interpleader action is governed by 28 U.S.C. § 1397. *See State Farm*, 386 U.S. at 529 n.3; 7 Wright & Miller § 1712.

The present action is not a Rule 22 interpleader action for several reasons. First, Wells Fargo did not allege that the present action was a Rule 22 interpleader action in its complaint or brief in opposition of the motion to transfer. *See* Dockets 6, 56. Second, under Rule 22, service is governed by

7

Federal Rule of Civil Procedure 4. *See State Farm*, 386 U.S. at 529 n.3. Under Rule 4, "the process of a district court will be effective outside the territorial limits of the state in which the court is sitting only if authorized under state law[.]" 7 Wright & Miller § 1711. Such service must also satisfy the due-process requirements of minimum contacts and fairness. *See Hutson v. Fehr Bros.*, 584 F.2d 833, 836 (8th Cir. 1978) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Here, Wells Fargo and Caballero failed to allege that any of the claimants have minimum contacts with the District of South Dakota. Third, no party brought cross-claims, counterclaims, or third-party claims that would generally use Rule 22 interpleader. *See* Fed. R. Civ. P. 22(a)(2).

The present action is a statutory interpleader. In its complaint, Wells Fargo alleged that the court had jurisdiction of the action under the statutory interpleader statute. *See* Docket 6 ¶ 19. Wells Fargo's claims of relief also rely on the statutory interpleader statutes. *See id.* ¶¶ 35-36, 38. Additionally, statutory interpleader allows for nationwide service. 28 U.S.C. § 2361; *see also State Farm*, 386 U.S. at 529 n.3. Here, the claimants are scattered in several states, and nationwide service of process was used. *See* Docket 2. Because the action is a statutory interpleader action, § 1397 governs venue.

Section 1397 states that "[a]ny action of interpleader or in the nature of interpleader under section 1335 of this title may be brought in the judicial district in which one or more of the claimants reside." 28 U.S.C. § 1397. The Third Circuit Court of Appeals has held that for venue to be proper in a statutory interpleader action under 28 U.S.C. § 1397 the action must be

brought in a district where one of the claimants resides. *Metro. Life Ins. Co. v. Chase*, 294 F.2d 500, 502 (3d Cir. 1961) (finding that venue "could not properly have been laid in the District of Columbia under 28 U.S.C. § 1397 since none of the claimants reside[d] in the District.").

The residency requirement is not optional. 7 Wright & Miller § 1712. "Notwithstanding 28 U.S.C. § 1397's permissive language . . . courts have interpreted this as a requirement, such that venue 'must' or 'shall' be in a judicial district where one or more of the claimants reside." *Mudd v. Yarbrough*, 786 F. Supp. 2d 1236, 1244 n.5 (E.D. Ky. 2011); *see also Moseley v. Sunshine Biscuits*, 107 F. Supp. 164, 165 (W.D. Mo. 1952) ("[I]n all venue cases the word 'may' is uniformly construed as meaning 'must' or 'shall.' "). Most district courts give § 1397 a "limiting construction." *Big Island Yacht Sales, Inc. v. Dowty*, 848 F. Supp. 131, 133 (D. Haw. 1993); *see also Mock v. Collins*, 2004 WL 3619122, at *2 (C.D. Cal. Sept. 1, 2004) (holding an interpleader action " 'may [only] be brought in the judicial district in which one or more of the claimants reside.' " (quoting 28 U.S.C. § 1397)); *Nev. ex rel. Co. River Comm'n of Nev. v. Pioneer Co., Inc.*, 245 F. Supp. 2d 1120, 1125 (D. Nev. 2003) (same); *Leader Nat. Ins. Co. v. Shaw*, 901 F. Supp. 316, 320-21 (W.D. Okla. 1995) (same); *Watson v. Manhattan & Bronx Surface Transit Operating Auth.*, 487 F. Supp. 1273, 1276 (D.N.J. 1980); *Gov't Emp. Ins. Co. v. Bishop*, 478 F. Supp. 837, 837-38 (E.D. Va. 1979).

In its opposition to the motion to transfer, Caballero relies on *Doe v. Ejercito de Liberacion Nacional,* 2015 WL 9077344 (S.D.N.Y. Dec. 16, 2015). *See*

9

Docket 27 at 5-7. The court in *Doe* relied heavily on case law from its district, the Southern District of New York. *Doe*, 2015 WL 9077344 at *3. The court reasoned that "[w]hile no claimant resides in New York, this does not end the analysis, as courts in the Southern District have held that the use of 'may' (rather than 'must') . . . is intended to expand, rather than limit . . . § 1391[.]" *Id.*; *see also A&E Television Networks, LLC v. Pivot Point Entm't, LLC*, 2011 WL 182083, at *6 (S.D.N.Y. Jan. 18, 2011) (noting that § 1397 uses "may" rather than "must"); *Mark E. Mitchell, Inc. v. Charleston Library Soc.*, 114 F. Supp. 2d 259, 263 (S.D.N.Y. 2000) (stating § 1397 "merely permits venue in an interpleader action to be laid in a district in which a claimant resides. It does not limit venue to such a district.").

This court agrees with the Third Circuit Court of Appeals and the majority of the district courts. Under § 1397, venue is proper if the interpleader action is brought in a district where one or more claimants reside. Here, none of the claimants reside in the District of South Dakota. Caballero is a resident of Florida. Docket 6 ¶ 13. The Stansell ATA Judgment Creditors are residents of Florida, Connecticut, Alabama, New York, and Virginia. *Id.* ¶ 14. The Pescatore ATA Judgment Creditors are residents of Alabama and New Jersey. *Id.* ¶ 15. Banco Continental and the Republic of Honduras are located in Honduras. *Id.* ¶¶ 16, 17. Grupo Continental is located in Panama. *Id.* ¶ 18. Because no claimant resides in the District of South Dakota, venue is improper under § 1397.

**II. Transfer**

The ATA Judgment Creditors argue that the interpleader action should be transferred to the United States District Court for the District of Columbia under 28 U.S.C. § 1404(a). Docket 24 at 6. Caballero opposes the motion to transfer, arguing that none of the claimants reside in the District of Columbia. Docket 27 at 8.

Because the court found that venue was not proper in the District of South Dakota, § 1406(a) governs. *See Van Dusen*, 376 U.S. at 634. "When venue has been improperly laid in a district court, that court has two alternative means of disposing of the cause so filed. It is empowered to dismiss the cause or, if it be in the interest of justice, to transfer the cause . . . ." *Brimer v. Levi*, 555 F.2d 656, 658 (8th Cir. 1977) (citing 28 U.S.C. § 1406(a)). If the court transfers the case, the case must be sent "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Venue must be proper in the district where the case is being transferred. 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure Jurisdiction* § 3827 (4th ed. 2019).

The District of Columbia is the only district the parties proposed as a potential district to transfer the case. But venue is improper in the District Court for the District of Columbia for the same reasons that venue is improper in South Dakota. No claimants reside in the District of Columbia.

The ATA Judgment Creditors allege that the Government of Honduras resides in the District of Columbia. Docket 49 at 8. Caballero argues that the

11

Government of Honduras does not reside in the United States and should be disregarded for purposes of determining venue under 28 U.S.C. § 1391(c)(3). Docket 27 at 9.

The ATA Judgment Creditors rely on 28 U.S.C. § 1391(f) to support their position that Honduras resides in the District of Columbia for purposes of venue. Docket 49 at 8 n.5. Section 1391(f)(4) states that a civil action against a foreign state may be brought "in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof." But if the ATA Judgment Creditor's position was correct, then under § 1391(f)(1) Honduras could also reside "in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." If this interpretation was true, and it is not, Honduras could reside in the District of South Dakota if a substantial part of the events occurred here. Then, venue could be proper in South Dakota because one claimant, Honduras, resides here. The ATA Judgment Creditors acknowledged this premise in their brief. *See* Docket 24 at 4 n.6. The court does not agree that § 1391(f) determines the potential residencies of foreign states.

Section 1391(c) controls in the present case because the statutory interpleader venue statute requires that one or more claimants *reside* in the district. 28 U.S.C. § 1397. Residency, including for foreign states, is governed by 28 U.S.C. § 1391(c). Section 1391(c) states "for all venue purposes . . . a defendant not resident in the United States may be sued in any judicial

12

district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants."

Here, Honduras is not a resident of the United States because it is a foreign state. The fact that Honduras has an embassy in the District of Columbia does not mean it resides there. Under § 1391(c), Honduras is disregarded in determining where the action may be brought. *See Osis v. 1993 GF P'ship, L.P.*, 2000 WL 840050, at *5 (D. Conn. Mar. 31, 2000) ("When defendants include both aliens and non-aliens, venue is only appropriate in the district where the suit could have been brought if none of the aliens were part of the suit.").

The ATA Judgment Creditors did not present any case law to support its position that a foreign state's embassy is determinative of its residency under the venue statute. Instead, the ATA Judgment Creditors cite to a case that states an embassy is "the nerve center of a country's diplomatic affairs within the borders of another nation[.]" *Harrison v. Republic of Sudan*, 838 F.3d 86, 90 n.3 (2d Cir. 2016) (internal quotation omitted). The court in *Harrison* analyzed service to a foreign state under 28 U.S.C. § 1608(a)(3), but it did not discuss the Republic of Sudan's residency for venue purposes, and therefore is not relevant to the present case.

The court will not transfer the case to the District of Columbia because venue is improper under § 1397. Because the District of Columbia was the only proposed district to transfer the case to, the court will dismiss this interpleader

action. The court will not pick a district to transfer the case to because there are many alternative districts where the claimants reside or have pending litigation. Thus, the case is dismissed.

## III. Pending Motions

There are eight other pending motions before this court: motion to dismiss complaint in interpleader (Docket 4), motion to dismiss first amended complaint (Docket 7), motion for leave to amend first amended interpleader complaint (Docket 28), motion to intervene (Docket 32), motion to stay (Docket 37), motion requesting an order restraining prosecution (Docket 41), motion for status conference (Docket 61), and motion to strike (Docket 66). The court denies these motions as moot because venue in South Dakota is improper and the court dismissed the case.

## CONCLUSION

Under 28 U.S.C. § 1397, venue is improper in the District of South Dakota because no claimants reside in the district. For the same reasons, the court cannot transfer the interpleader action to the District of Columbia. Thus, it is

ORDERED that the interpleader action is dismissed without prejudice.

IT IS FURTHER ORDERED THAT the motion to dismiss complaint in interpleader (Docket 4), motion to dismiss first amended complaint (Docket 7), motion for leave to amend first amended interpleader complaint (Docket 28), motion to intervene (Docket 32), motion to stay (Docket 37), motion requesting

an order restraining prosecution (Docket 41), motion for status conference (Docket 61), and motion to strike (Docket 66) are denied as moot.

Dated February 25, 2020.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE